JOURNAL ENTRY AND OPINION
{¶ 1} Appellant appeals, for the fourth time, his sentence imposed by the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On April 13, 1998, Stephen Sanders and two co-defendants attempted to execute a kidnap for ransom plan. The victims of this scheme were business owner Firas Essa and Angela Jelovic, his companion. In furtherance of their plan, appellant and his accomplices used a car and equipment belonging to appellant's father, a Cleveland police officer. On the night of the attack, the men waited for the victims outside the pager store owned by Essa and attempted to restrain Essa and Jelovic, at gunpoint, with handcuffs and duct tape. After a struggle, the victims were able to escape their attackers and run for help.
 {¶ 3} After the incident, appellant fled the jurisdiction and was eventually captured by the fugitive task force in July 1998. He was indicted and charged with two counts of kidnaping with gun specifications and two counts of aggravated robbery, also with gun specifications. After a jury trial, he was convicted of both counts of kidnaping and one count of aggravated robbery. The trial court sentenced the appellant to five years on each count, to be served consecutively.
 {¶ 4} This court affirmed appellant's conviction, but the case was reversed and remanded for resentencing upon appellant's first appeal. On July 12, 2000, appellant was resentenced to consecutive sentences totaling eight years — a reduction in sentence of almost half. Appellant again appealed, and the case was once again reversed and remanded. Appellant was sentenced a third time as a result of hearings held on September 25, 2001, November 28, 2001 and May 23, 2002, again to eight years. After another appeal, the case was reversed and remanded for resentencing a fourth time. Appellant was sentenced again to eight years on October 1, 2003, which appellant now appeals citing two assignments of error.
"I. Defendant was denied due process of law when the court improperly sentenced defendant to consecutive terms of imprisonment."
 {¶ 5} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, 710 N.E.2d 783, citing Cincinnati Bar Assoc. v.Massengale (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 6} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 7} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 8} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 9} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 11} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 12} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 13} "* * *
 {¶ 14} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; * * *."
 {¶ 15} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert (1997),124 Ohio App.3d 225, 705 N.E.2d 1274. Thus, the court must make the three findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms.
 {¶ 16} Appellant argues that the trial court failed to comply with these mandates at the resentencing hearing held on October 1, 2003. We disagree. The trial court made the following statements at the resentencing hearing:
 {¶ 17} "The court is going to evaluate this case pursuant to 2829.11 (sic), all the factors taken into consideration, including the purpose of sentencing, is to punish the offender and protect the public from future crime from this offender * * *.
 {¶ 18} "We see that the victims were put in fear of their life, and well stated fear * * *.
 {¶ 19} "It was a calculated plan * * * The victims were in serious danger of losing their lives, and they had done absolutely nothing to deserve it, nothing at all, except to be legitimate citizens working for a living * * *.
 {¶ 20} "The victims suffered physical harm, mental exacerbation, emotional, psychological that's still here today * * * We couldn't have a more serious crime * * *.
 {¶ 21} "Is the recidivism likely? The court feels yes * * * I do not find his remorse to be genuine * * *.
 {¶ 22} "Prison is consistent with the sentencing purposes, having considered all of the factors in the statutes, that he's not amenable to any available community control sanction. The community control sanction would demean the seriousness of his conduct and not adequately protect the public * * *.
 {¶ 23} "He has committed the worst form of the offense * * *.
 {¶ 24} "The consecutive sentences are necessary because the harm caused was great, unusual, his history requires it and they're necessary, these consecutive — necessary to fulfill the purpose of 2929.11, which I've gone over. And it is not disproportionate to consecutive sentences, his conduct."
 {¶ 25} Based on these comments, and on the record of the sentencing hearing as a whole, it is clear that the trial court made the correct analysis in order to impose consecutive sentences. The court found that the sentence was not disproportionate to the seriousness of the appellant's conduct and that it was necessary to protect the public from future crime. R.C. 2929.14(E)(4). It further found that he had committed the worst form of the offense and that the victims had suffered greatly as a result of the appellant's conduct. R.C.2929.14(E)(4)(b). Finally, the court found that the appellant had committed these crimes while awaiting trial for an offense committed in Lorain County. R.C. 2929.14(E)(4)(a).
 {¶ 26} R.C. 2929.19 requires the court not only to make the applicable findings pursuant to R.C. 2929.14(E), but to place on the record its reasons for doing so in order to correctly impose consecutive sentences. We find that the trial court more than adequately explained its reasons for making the above-referenced findings, outlined in part in the trial court's comments referenced above. Therefore, appellant's first assignment of error lacks merit and is overruled.
"II. Defendant was denied due process of law when the court failed to comply with prior mandates of the court and failed to afford defendant a full and fair resentencing hearing."
 {¶ 27} A judge shall disqualify himself or herself in a proceeding in which the judge's partiality might reasonably be questioned. Code of Judicial Conduct Canon 3(E)(1). Appellant argues that the trial court was biased against him based on the appellate history of his case; he claims that the judge displayed "outrage" at the sentencing hearing and alleges that the sentence imposed was in retaliation for the several decisions from this court reversing his earlier sentences. The Supreme Court has held that a trial court violates the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence, motivated by vindictive retaliation. State v. Nelloms
(2001), 144 Ohio App.3d 1, 4, 759 N.E.2d 416, citing NorthCarolina v. Pearce (1969), 395 U.S. 711, 724, 895 S.Ct. 2072,23 L.Ed.2d 656. Further, a presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. Pearce, 395 U.S. at 726; see, also, State v. Payton (Dec. 31, 2001), Cuyahoga App. No. 79302.
 {¶ 28} At the time of the original sentencing in 1998, appellant was sentenced to consecutive terms of five years on each of three counts, for a total of fifteen years incarceration, and fined $10,000. Upon remand, appellant appeared before the trial court on July 12, 2000 and was resentenced to four years on count one and four years on count two, to be served concurrently. In addition, a four year sentence on count four was to be served consecutive to counts one and two, for a total of eight years. After another successful appeal, appellant returned to the trial court a third time, on May 23, 2002, for resentencing. The trial court imposed essentially the same sentence (eight years), and, once again, appellant appealed. The matter came again before the trial court on remand on October 1, 2003. Again the appellant was sentenced to a total of eight years, and again the appellant appeals his sentencing. Appellant has now served nearly six years of his eight year sentence.
 {¶ 29} We find no presumption of vindictiveness on the part of the trial judge because he imposed a lesser sentence than the original on the first resentencing and has imposed the same sentence since that time. There is no evidence that this judge is biased against appellant; in fact, appellant has presented no evidence of bias other than his dissatisfaction with his sentence. Further, as discussed above, the trial court has complied with the requirements to impose consecutive sentences. Therefore, the appellant's second assignment of error must be overruled.
 {¶ 30} The judgment is affirmed.
Judgment affirmed.
Dyke, P.J., and Calabrese, Jr., J., Concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.