OPINION
{¶ 1} This case is before us on the appeal of Robert Hayden from a trial court decision of July 23, 2004, denying Hayden's "motion for rehearing." The motion relates to hearings that had been held in the trial court on May 8, 1998, and on January 14, 1999, in connection with Hayden's petition for postconviction relief. The trial court concluded that it lacked jurisdiction over the request for rehearing because Hayden appealed the prior denial of postconviction relief, and should have raised any complaints in that proceeding. In a single assignment of error, Hayden claims that:
 {¶ 2} "[t]he trial court abused its authority and discretion when it denied Appellant's motion for `rehearing' on his postconviction when Appellant had clearly established that his procedural due process under the Sixth Amendment of the Constitution was violated making the hearing void."
 {¶ 3} We find the assignment of error without merit and will affirm the trial court's decision.
 {¶ 4} A review of this case indicates that Hayden has filed repeated petitions and appeals over the course of many years, following his original criminal conviction. In 1991, we affirmed Hayden's conviction on one count of rape, with a specification of a prior felony conviction. See State v. Hayden (Sept. 27, 1991), Montgomery App. No. 12220, 1991 WL 215065, *1. The complaining witness in the rape case was a woman who had lived with Hayden and her two children, first in Troy, Ohio, and then in Dayton, Ohio. The victim testified that she stopped having sexual relations with Hayden after he made threats to injure her. However, forced sexual contact occurred in November, 1989, and again in December, 1989. On the latter occasion, Hayden allegedly forced the victim to have intercourse after she refused to watch a pornographic movie with him. Id. At the time of the rape, Hayden and the victim were still living together.
 {¶ 5} We noted in our opinion that the medical evidence was inconclusive due to a similarity of blood types. Id. at *2. We also commented that the critical question before the court was the credibility of witnesses. Id. Specifically, the only direct evidence of the rape came from the victim, and the contrary evidence was hearsay produced by those who had heard Hayden simply deny the offense. Id.
 {¶ 6} After we affirmed the conviction, Hayden filed a petition for writ of habeas corpus, which was rejected by the Fourth District Court of Appeals. See Hayden v. Morris (Mar. 16, 1994), Ross App. No. 93CA1974, 1994 WL 88940, *1. Hayden then filed a petition for postconviction relief in Montgomery County Common Pleas Court, based on his alleged discovery of a forensic report showing that Caucasian pubic hairs were found on the victim. The significance of this fact was that Hayden was African American.
 {¶ 7} We held in 1997 that Hayden had presented sufficient evidence to warrant a hearing on this claim. See State v.Hayden (Dec. 5, 1997), Montgomery App. No. 16497, 1997 WL 752614, *2. However, after holding evidentiary hearings, the trial court rejected Hayden's claim. We then affirmed the decision in 1999, finding that Hayden's counsel did not act ineffectively by failing to offer evidence about the Caucasian pubic hairs at trial. See State v. Hayden (July 16, 1999), Montgomery App. No. 17649, 1999 WL 960968. In this regard, we observed that:
 {¶ 8} "[b]ecause Hayden is not Caucasian, he could not be the source of Caucasian pubic hairs that were obtained from the rape victim. That fact reasonably supports a resulting inference that if the victim was raped the perpetrator was a Caucasian, and not Hayden. However, evidence produced at the hearing permits a finding that the victim herself could have been the source of the hairs, which negates the inference that Hayden was not the perpetrator. The evidence thus creates no reasonable probability that, had it been introduced, a different result probably would have occurred. Therefore, prejudice is not demonstrated." Id. at *2.
 {¶ 9} On June 29, 2001, Hayden filed yet another motion with the trial court, requesting relief from judgment under Civ. R. 60(B), for fraud upon the court. In rejecting the claim for relief, the trial court noted that this was the second post-conviction relief petition that Hayden had filed. Accordingly, the petition could not be entertained absent a showing that Hayden was "`unavoidably prevented'" from discovering the facts upon which he relied. State v. Hayden
(Mar. 20, 2002), Montgomery C.P. 90-308, p. 2. The trial court found that the evidence Hayden relied on (the pubic hair combing) had been in Hayden's possession for some time and that he had referred to the pubic hair combing in his 1996 petition for post-conviction relief. Because none of the evidence was new, the trial court dismissed the motion. No appeal was taken from that decision.
 {¶ 10} Subsequently, on July 19, 2004, Hayden filed a "motion for rehearing," asking the court to reconvene the hearings that took place in 1998 and 1999 on his first post-conviction petition. Hayden's complaint at this point was that he was allegedly denied the opportunity to cross-examine witnesses about DNA testing that was conducted by Celmark Diagnostics. On July 23, 2004, the trial court denied the request, finding that this was a matter that should have been raised during Hayden's 1999 appeal in Montgomery County App. No. 17649. Hayden now appeals, contending that the trial court abused its discretion by refusing to grant the motion for rehearing.
 {¶ 11} We note that the request for rehearing is the third postconviction petition that Hayden has filed in the trial court. Second or successive postconviction petitions are prohibited by R.C. 2953.23(A), unless division (1) or (2) of that section applies. Division (2) does not apply to this case. Division (1) indicates that in order for a successive petition to be allowed, both of the following conditions must be satisfied:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 14} As a preliminary point, we note that Hayden was in no way precluded from discovering the facts upon which the third request for postconviction relief is based. At the time of his 1999 appeal in Montgomery App. No. 17469, Hayden would have been aware of the fact that he was denied the opportunity to cross-examine DNA witnesses. This is obviously a matter that could have been raised on appeal.
 {¶ 15} In an attempt to satisfy the alternate ground in R.C.2953.23(A)(1)(a), Hayden contends that he was granted a new constitutional right to confront and cross-examine witnesses inCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed2d 177. We disagree.
 {¶ 16} In Crawford, the United States Supreme Court overruled its prior decision in Ohio v. Roberts (1980),448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597, which had allowed admission of statements of unavailable witnesses against criminal defendants, if the statements bore "`adequate indicia of reliability.'" 448 U.S. at 66. The new rule adopted in Crawford
is that where testimonial statements are concerned, confrontation is the only indicia of reliability that can satisfy constitutional standards. 541 U.S. at 68-69.
 {¶ 17} However, as the State correctly points out, new rules for conduct of criminal prosecutions apply retroactively only to cases that are pending on direct review or are not yet final.Griffith v. Kentucky (1987), 479 U.S. 314, 328, 107 S.Ct. 708,93 L.Ed.2d 649. Hayden's conviction has been final and has not been pending on direct review since his appeal was dismissed with prejudice by the Ohio Supreme Court in 1992. See State v.Hayden (1992), 65 Ohio St.3d 1474, 604 N.E.2d 166. Thus, there is no new constitutional right that could apply retroactively to Hayden's claims.
 {¶ 18} As a further matter, we also agree with the State that the Sixth Amendment right of confrontation does not apply to postconviction relief proceedings, because those proceedings are civil in nature. See, e.g., State v. Cureton, Medina App. Nos. 03CA0009-M and 03CA0010-M, 2003-Ohio-6010, at ¶ 13, citingState v. Scudder (1998), 131 Ohio App.3d 470, 474,722 N.E.2d 1054.
 {¶ 19} Because Hayden failed to satisfy the requirements in R.C. 2953.23(A)(1) for filing successive postconviction relief petitions, the trial court properly denied the motion for rehearing. Accordingly, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
Wolff, J., and Grady, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).