OPINION
{¶ 1} Defendant, Charles Harden, appeals from the trial court's judgment dismissing his petition for postconviction relief without a hearing.
 {¶ 2} After starting a fire in his cell at the Dayton Correctional Institution, Defendant was indicted on September 29, 1995, on one count of aggravated arson in violation of R.C. 2909.02(A)(2). A prior aggravated felony conviction specification was attached to the charge per R.C. 2941.142. On December 14, 1995, Defendant entered a plea of guilty to the aggravated arson charge, absent the specification, which the State dismissed. The trial court sentenced Defendant to five to twenty-five years in prison. The court's judgment was filed on December 26, 1995.
 {¶ 3} Defendant did not appeal from his conviction and sentence. On August 3, 2004, Defendant filed a motion to withdraw his guilty plea, claiming that his attorney had rendered ineffective assistance at trial because he failed to investigate the facts of the case, and because of Defendant's history of mental health problems. After the State filed a memorandum contra, the trial court overruled Defendant's motion to withdraw his plea on September 21, 2004.
 {¶ 4} On November 4, 2004, nearly nine years after he was convicted and sentenced, Defendant filed a petition for postconviction relief pursuant to R.C. 2953.21. Defendant alleged the same grounds for relief he had earlier presented in his motion to withdraw his guilty plea. On November 18, 2004, the trial court overruled Defendant's petition for postconviction relief without a hearing.
 {¶ 5} Defendant has timely appealed to this court from the trial court's dismissal of his postconviction petition. Defendant, who is presently incarcerated in federal prison in Texas on an unrelated federal firearms offense, is proceeding pro se.
 {¶ 6} Defendant contends that the trial court erred in dismissing his petition for postconviction relief without first holding a hearing on his claim for relief. The State argues that the trial court acted properly in dismissing the petition because it was untimely and because Defendant failed to demonstrate that the exception for untimely petitions in R.C.2953.23 applies in this case. We agree.
 {¶ 7} A postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a judgment, and a petitioner receives no more rights than those granted by the statute governing such proceedings, R.C. 2953.21. State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102. A petition for postconviction relief filed pursuant to R.C. 2953.21 must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2). If no appeal is taken from the judgment of conviction, then the petition must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Id.
 {¶ 8} In this case the judgment of conviction and sentence was entered on December 26, 1995. No direct appeal was taken from that judgment. Pursuant to App.R. 4(A), Defendant had thirty days, or until January 25, 1996, to appeal that judgment. Therefore, pursuant to R.C. 2953.21(A)(2), in order to be timely, Defendant's petition for postconviction relief had to be filed no later than July 23, 1996. Defendant's petition was filed on November 4, 2004, and is obviously untimely.
 {¶ 9} The jurisdiction of the courts of common pleas is provided by statute. Section 4(B), Article IV, Ohio Constitution. R.C. 2953.23(A) provides that a court may not entertain a petition filed after the expiration of the period prescribed in R.C. 2953.21(A)(2). This provision denies the common pleas courts jurisdiction to adjudicate the merits of an untimely petition, with but one narrow exception. See: State v.Hansbro (June 14, 2002), Clark App. No. 2001-CA-88 (and the cases cited therein). That exception is also set forth in R.C. 2953.23(A). It confers jurisdiction to adjudicate an untimely postconviction petition when the petitioner shows that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief, or that a new federal or state right that applies retroactively to the petitioner was recognized by the United States Supreme Court subsequent to the period prescribed in R.C. 2953.21(A)(2), and the petition asserts a claim based upon that right. R.C. 2953.23(A)(1)(a).
 {¶ 10} The R.C. 2953.23(A)(1)(a) exception does not apply in this case because Defendant does not even claim, much less show in his petition, that he was prevented from discovering the facts upon which his claim for relief relies, or that a new federal or state right upon which he relies for relief applies retroactively to his case. Accordingly, the trial court could not consider the merits of Defendant's untimely petition,Hansbro, supra, and properly dismissed it.
 {¶ 11} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Donovan, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.