JOURNAL ENTRY and OPINION
{¶ 1} A jury convicted appellant, Stephen Sanders ("Sanders"), in 1998 of two counts of kidnapping and one count of aggravated robbery. The trial court sentenced him to a total prison term of 15 years. On direct appeal, this court affirmed Sanders' convictions, but vacated his sentence and remanded to the trial court for resentencing. State v. Sanders (Apr. 13, 2000), Cuyahoga App. No. 75398. The trial court resentenced Sanders to a total prison term of eight years; however, on appeal, this court vacated his sentence and remanded the matter to the trial court a second time for resentencing. State v. Sanders (June 28, 2001), Cuyahoga App. No. 78452. At his second resentencing, Sanders was sentenced to a total prison term of eight years, which this court, again on appeal, vacated and remanded to the trial court a third time for resentencing. State v.Sanders, Cuyahoga App. No. 81450, 2003-Ohio-1163, ¶ 1. After Sanders was resentenced a third time by the trial court and received a total prison term of eight years, his sentence was affirmed by this court. State v.Sanders, Cuyahoga App. No. 83860, 2004-Ohio-2345, ¶ 1.
 {¶ 2} Sanders filed a petition for postconviction relief, asserting that his Sixth Amendment right of confrontation and cross-examination was violated when the trial court admitted into evidence the statement of his co-conspirator, who did not appear and testify at trial, to the Maple Heights police. Upon the motion by the state, the trial court dismissed Sanders' petition for postconviction relief. Sanders appeals.
 {¶ 3} Although Sanders cites two assignments of error, the gravamen of his appeal is that he was denied due process of law when the trial court denied his petition for postconviction relief by refusing to apply the pronouncement in Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed.2d 177. In particular, he argues that his co-conspirator's statement made to the police should not have been admitted into evidence at his trial because, as held in Crawford, such statements may be admitted only when the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine the declarant.541 U.S. at 59. Because his co-conspirator did not appear or testify at trial, Sanders argues that his right of confrontation and cross-examination was violated as construed in Crawford.
 {¶ 4} However, "new rules for conduct of criminal prosecutions apply retroactively only to cases that are pending on direct review or are not yet final." Griffith v. Kentucky (1987), 479 U.S. 314, 328, 107 S.Ct. 708,93 L.Ed.2d 649; see, also, State v. Hill, 160 Ohio App.3d 324,2005-Ohio-1501, ¶ 29, 827 N.E.2d 351; State v. Hayden, Montgomery App. No. 20657, 2005-Ohio-4024, ¶ 17. Here, Sanders' convictions have been final for almost seven years. On direct appeal to this court, Sanders' convictions were affirmed. Although he was resentenced three times, his convictions have never been reversed. Because Crawford does not apply retroactively to Sanders' affirmed convictions, this court must affirm the trial court's dismissal of Sanders' petition for postconviction relief.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.