DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Marlan Mitchell, appeals the November 8, 2005 judgment of the Lucas County Court of Common Pleas which dismissed appellant's petition for postconviction relief as being untimely filed. For the reasons set forth herein, we affirm the trial court's judgment.
 {¶ 2} On April 18, 1997, following a jury trial, appellant was found guilty of aggravated murder, in violation of R.C.2903.01(B), with a gun specification and a specification that the murder was premeditated or that appellant was the principal offender. Appellant was also found guilty of kidnapping, in violation of R.C. 2905.01(A), with a gun specification. On April 28, 1997, the trial court accepted the jury verdicts and as to the aggravated murder conviction, appellant was sentenced to life imprisonment with parole eligibility after 30 years. For the kidnapping conviction, appellant received a ten to 25 year sentence. Appellant received consecutive three year sentences for each firearm specification. Appellant's conviction and sentence was affirmed by this court in State v. Mitchell (June 30, 1999), 6th Dist. No. L-97-1283.
 {¶ 3} On April 27, 2005, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 and 2953.23, an amended petition was filed on June 6, 2005. On November 8, 2005, the trial court dismissed appellant's petition finding that it was untimely and that appellant failed to establish the requirements under R.C. 2953.23. Appellant then filed the instant appeal, pro se, and sets forth the following assignment of error:
 {¶ 4} "I. The trial court erred in dismissing appellant's petition for postconviction as untimely filed."
 {¶ 5} Appellant does not dispute that because his conviction occurred in 1997, and he did not file his petition for postconviction relief until April 27, 2005, the petition is untimely. R.C. 2953.23(A)(1) provides that a court may not entertain an untimely petition unless:
 {¶ 6} "(1) Both of the following apply:
 {¶ 7} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right
 {¶ 8} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 9} Appellant first argues that he was unavoidably prevented from the discovery of the alleged falsity of state's witness Sammie Owens's testimony. In particular, appellant claims that according to Owens's affidavit and the affidavit of Omar Scott, Sammie Owens lied about purchasing drugs from Scott who, it was implied, had some connection with appellant regarding illegal narcotic sales. (Even though Owens testified that he did not know who Scott worked for.) Owens also testified that he believed that appellant sold drugs but that he had not seen him in awhile. This testimony was presented to aid the state in establishing a motive for the murder, i.e., that the victim owed appellant money for drugs.
 {¶ 10} Appellant states that the reason he was unavoidably prevented from discovering the alleged falsity of the above testimony was that Owens was reluctant to admit that he committed perjury because, as part of his deal with the state, Owens was to be granted early judicial release.
 {¶ 11} This court has read the entire trial transcript with a particular focus on Owens's testimony. We find that appellant was present at the trial and should have known of the alleged falsity of Owens's testimony that appellant sold drugs. Further, appellant should have known whether the implication that Omar Scott sold drugs for him was true or false. Finally, appellant offers no explanation as to why it took eight years for him to contact Omar Scott regarding Owens's testimony. Based on the foregoing we find that appellant was not unavoidably prevented from discovering the alleged falsity of Sammie Owens's testimony.
 {¶ 12} Appellant also argues that he was unavoidably prevented from discovering that the state violated his due process rights by knowingly presenting false evidence that appellant sold drugs. In Sammie Owens's August 8, 2005 affidavit he states, in part:
 {¶ 13} "(7) That during the trial the State asked me about Mitchell's drug dealing activities that I knew nothing about. Before the shooting death of James McKinney, I had not seen Mr. Mitchell in over a year, and did not know what to say regarding his drug dealing activities.
 {¶ 14} "(8) That I gave testimony as best I could during Mr. Mitchell's trial in exchange for leniency for my own legal troubles in this case. The prosecutor knew my testimony regarding Mr. Mitchell's drug dealing activities was false, before trial I told him I did not know anything about Mitchell's drug dealing. I never bought narcotics of any kind from Mr. Mitchell."
 {¶ 15} Upon review of the affidavit and Owens's trial testimony this court fails to see how the affidavit demonstrates that the state had any knowledge that Owens's testimony was false. Owens testified that the last he knew appellant was selling drugs. Owens acknowledged that he had not seen appellant in a while and that he had never purchased drugs from him. Appellant also clearly stated that he had no knowledge of whom Omar Scott worked for. This court has already addressed, on direct appeal, the propriety of Owens's testimony, over objection, that appellant sold drugs. See State v. Mitchell
(June 30, 1999), 6th Dist. No. L-97-1283.
 {¶ 16} Although not directly argued in appellant's merit belief, in the trial court appellant argued that, under R.C.2953.23(A)(1)(a), the United States Supreme Court recognized a new rule of law that applied retroactively to his case. InCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed. 1277, the United States Supreme Court held that the Confrontation Clause is violated where an out-of-court statement, testimonial in nature, is admitted where the witness is not determined to be unavailable and the defendant was not given the opportunity to cross-examine the witness.
 {¶ 17} In his petition for postconviction relief, appellant argued that, in violation of Crawford, Owens's testimony regarding Owens's relationship with Omar Scott denied his right to confront Scott. As the trial court correctly determined, the United States Supreme Court's pronouncement in Crawford does not apply retroactively to postconviction proceedings and, thus, does not meet the requirement under R.C. 2953.23(A)(1)(a). SeeState v. Hayden, 2d Dist. No. 20657, 2005-Ohio-4024; Dorchy v.Jones (C.A.6 2005), 398 F.3d 783, 788.
 {¶ 18} Because appellant failed to establish that he was unavoidably prevented from discovering the alleged falsity of Owens's testimony and because the United States Supreme Court case of Crawford v. Washington does not apply retroactively, appellant failed to establish the requirements necessary to entertain an untimely petition for postconviction relief. Even assuming that the requirements had been met, appellant failed to clearly and convincingly demonstrate that but for the alleged error the jury would not have found him guilty of the offenses. There was testimony that appellant was looking for money from the victim, James McKinney. When confronted, McKinney stated that he had already delivered the money to appellant's mother's house; disbelieving this story, appellant shot McKinney multiple times, dragged him down three flights of stairs and placed him in the trunk of a car. Appellant, his grandparents and Owens then drove to another location where he gave Owens crack cocaine for his assistance. Also, at this time, the grandparents complained about all the noise made by the victim and he was removed from the trunk and placed in another vehicle. The victim's body was found in the area of this location.
 {¶ 19} Based on the foregoing, we find that appellant's assignment of error is not well-taken. The petition for postconviction relief was untimely and the trial court, pursuant to R.C. 2953.23, was prevented from entertaining the merits of appellant's petition.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Skow, J. concur.