OPINION
{¶ 1} Defendant, Dreston Walker, appeals from an order dismissing his petition for post-conviction relief.
 {¶ 2} Defendant was convicted of numerous felonies following a jury trial and was sentenced pursuant to law in 1999. We subsequently affirmed his convictions on direct appeal. State v. Walker (June 30, 2000), Montgomery App. No. 17678.
 {¶ 3} On June 13, 2005, Defendant filed a petition for post-conviction relief. R.C. 2953.21. Defendant relied on the decision of the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, which held that the Sixth Amendment prohibits imposition of a term of imprisonment greater than the statutory minimum on the basis of facts neither found by the jury nor admitted by the defendant.
 {¶ 4} The State moved to dismiss the petition as untimely filed, its not have been filed within one hundred and eighty days after the transcript of his trial was filed in Walker's direct appeal on June 14, 1999. R.C. 2953.21(A)(2). That fact is undisputed, and the court so found. The court further found that Defendant failed to demonstrate the grounds for extension of the filing deadline in R.C. 2953.23(A). Accordingly, the court dismissed the petition without a hearing. Defendant filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED WALKER'S PETITION FOR POST-CONVICTION RELIEF."
 {¶ 6} A trial court lacks jurisdiction to consider an untimely filed petition for post-conviction relief unless one of the exceptions set forth in R.C. 2953.23(A)(1) or (2) applies. State v. Harden (Oct. 21, 2005), Montgomery App. No. 20803, 2005-Ohio-5580. Defendant argues that the exception in R.C. 2953.23(A)(1) applies in his case: that a new federal or state right that applies retroactively to the petitioner was recognized by the United States Supreme Court subsequent to the period prescribed in R.C. 2953.21(A)(2), and the petition asserts a claim based upon that right. R.C. 2953.23(A)(1)(a).
For that purpose, Defendant cites and relies on Blakely v.Washington.
 {¶ 7} The trial court, citing State v. Cressel (April 29, 2005), Montgomery App. No. 20337, 20348, 2005-Ohio-2013, held that Defendant did not satisfy the requirements of R.C. 2953.23(A)(1)(a) becauseBlakely did not create any new federal or state right in law, but merely applied existing law established in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. The trial court was incorrect in that regard. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, held that both Apprendi and Blakely created a new rule of law with respect to how the Sixth Amendment applies. Nevertheless, the trial court's decision was correct, albeit for reasons other than those relied upon by the trial court. Accordingly, its decision will be affirmed.
State v. Hall (Oct. 24, 1997), Miami App. No. 97CA22.
 {¶ 8} New rules for the conduct of criminal prosecutions apply retroactively only to cases that are pending on direct review and not yet final. State v. Hayden (August 5, 2005), Montgomery App. No. 20657,2005-Ohio-4024; Griffith v. Kentucky (1987), 479 U.S. 314,107 S.Ct. 708, 93 L.Ed.2d 649.
Defendant's sentence was final when he was resentenced on April 27, 2001, and has not been pending on direct review since the time expired for Defendant to appeal from the trial court's sentencing order. Therefore, because Defendant's conviction became final years before the Supreme Court's decision in Blakely, the new rule of law announced therein does not apply retroactively to Defendant. Defendant's having failed to establish the applicability of the exception in R.C.2953.23(A)(1)(a), the trial court lacked jurisdiction to consider Defendant's untimely petition. The trial court properly dismissed Defendant's petition without a hearing.
 {¶ 9} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE OHIO SUPREME COURT'S RECENT DECISION IN STATE V.FOSTER SHOULD NOT APPLY TO WALKER IN THE INSTANT APPEAL OR IN ANY REMAND OF HIS CASE TO THE TRIAL COURT."
 {¶ 11} Defendant argues that assuming this court finds that the trial court erred in dismissing his petition for post-conviction relief, application of the Ohio Supreme Court's recent decision in State v.Foster, supra, on remand would violate the Ex Post Facto clause of the Ohio Constitution. Article I, Section 10. However, our having concluded in disposition of the first assignment of error that the trial court properly dismissed Defendant's untimely post-conviction petition, Defendant need not be resentenced as a result of his post-conviction claims.
 {¶ 12} Defendant's second assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.