[Cite as *State v. Young*, 2012-Ohio-965.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :      C.A. CASE NO. 24738

vs.                             :      T.C. CASE NO. 99CR3914

JEREMIAH YOUNG                   :      (Criminal Appeal from
                                   Common Pleas Court)
    Defendant-Appellant         :

. . . . . . . . .

<u>O P I N I O N</u>

Rendered on the 9th day of March, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Carley J. Ingram, Asst. Pros. Attorney, Atty. Reg. No. 0020084, P.O. Box 972, Dayton, OH  45422

    Attorneys for Plaintiff-Appellee

Jeremiah Young, #393-844, Marion Corr. Inst., P.O. Box 57, Marion, OH 43301-0057
    Defendant-Appellant, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  Defendant, Jeremiah Young, appeals from a final  judgment dismissing his petition for postconviction relief.

{¶ 2}  In April of 2000, Defendant was found guilty by a jury of eight counts of forcible rape of a child under thirteen and two counts of felonious sexual penetration.  The

trial court sentenced Defendant to five consecutive life terms. The evidence is summarized in our opinion affirming Defendant's conviction and sentence on direct appeal. *State v. Young*, 2d Dist. Montgomery No. 18365, 2001 WL 43111 (Jan. 19, 2001).

**{¶ 3}** On May 18, 2011, Defendant filed a "Petition to Vacate a Void or Voidable Conviction and Judgment," alleging several constitutional violations. Despite what Defendant called it, this was necessarily a petition for postconviction relief pursuant to R.C. 2953.21. See: *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).

**{¶ 4}** On July 1, 2011, the trial court summarily denied Defendant's petition for postconviction relief without a hearing. The court concluded that Defendant's petition was both untimely and constituted a second, successive postconviction petition. Because Defendant failed to demonstrate any of the exceptions in R.C. 2953.23(A)(1), the court found that it lacked jurisdiction to consider the merits of Defendant's postconviction petition. The court further found that, in any event, all of Defendant's claims for relief were barred by res judicata because they concern matters contained in the trial record and therefore they could have been raised on direct appeal from Defendant's conviction. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

**{¶ 5}** Defendant timely appealed to this court from the trial court's decision dismissing his petition for postconviction relief.

CLAIM NO. ONE:

**{¶ 6}** "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN VIOLATION OF HIS FIRST AMENDMENT OF U.S. CONSTITUTION, WHEN THE COURT IMPANELED AN ILLEGAL JURY.

CLAIM NO. TWO:

{¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN VIOLATION OF HIS FOURTH AMENDMENT RIGHT TO BE FREE FROM ILLEGAL SEIZURE OF A PERSON AND PROPERTIES."

CLAIM NO. THREE:

{¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT VIOLATING HIS FIFTH AMENDMENT RIGHT WHEN THEY USE A SHAM LEGAL PROCESS."

CLAIM NO. FOUR:

{¶ 9} "THE COUNSEL WAS NOT EFFECTIVE, AND HAD BEEN COUNSEL AS GUARANTEED UNDER THE SIXTH AMENDMENT THE OUTCOME OF THE WHOLE PROCEEDING WOULD HAVE DIFFERENT."

CLAIM NO. FIVE:

{¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN VIOLATION OF HIS EIGHTH AMENDMENT WHEN HE WAS WRONGFULLY IMPRISONED."

CLAIM NO. SIX:

{¶ 11} "THE CUMULATIVE EFFECT OF CLAIMS ONE THRU FIVE DENIED APPELLANT HIS DUE PROCESS IN VIOLATION OF HIS FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION."

CLAIM NO. SEVEN:

{¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN

VIOLATION OF THE DUE PROCESS OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION WHEN APPELLANT WAS CONVICTED AND SENTENCED WITHOUT ANY BIOLOGICAL EVIDENCE."

**{¶ 13}** In *State v. Reese*, 2d Dist. Montgomery No. 23410, 2009-Ohio-5874 at ¶ 5-7, we stated:

Judicial decisions are best rendered on the narrowest basis available. Applying that rule, we find, as the trial court did, that Defendant's petition is barred because it was not timely filed.

When a direct appeal is taken from a criminal conviction, a petition for postconviction relief must be filed no later than one hundred and eighty days after the date on which the trial transcript was filed in the court of appeals. R.C. 2953.21(A)(2). Defendant filed a direct appeal from his convictions. The transcript of his trial proceedings was filed on February 3, 2004. The petition Defendant filed on February 11, 2009, five years later, was clearly untimely.

The time bar imposed by R.C. 2953.21(A) is jurisdictional. *State v. Harden,* Montgomery App. No. 20803, 2005-Ohio-5580. In order to confer jurisdiction on the common pleas court to consider an untimely petition, the petitioner must make at least one of two alternative showings: that he "was unavoidably prevented from discovering the facts upon which the petition must rely to present the claim for relief, or, subsequent to [the filing deadline] the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition

asserts a claim based on that right." R.C. 2953.23(A)(1)(a).

**{¶ 14}** Defendant filed a direct appeal from his conviction, Case No. 18365. The transcript of the trial proceedings was filed in Defendant's appeal on July 12,2000. The petition for postconviction relief Defendant filed on May 18, 2011, over ten years later, is obviously untimely. Furthermore, Defendant does not even claim, much less demonstrate in his petition, that either of the exceptions in R.C. 2953.23(A)(1)(a) applies in this case: that he was prevented from discovering the facts upon which his claim for relief relies, or that a new federal or state right recognized by the U.S. Supreme Court and upon which he relies for relief applies retroactively to his case. Accordingly, the trial court correctly found that it lacked jurisdiction to consider the merits of Defendant's untimely petition and properly dismissed it. R.C. 2953.23(A); *Harden*, 2005-Ohio-5580; *State v. Hansbro*, 2d Dist Clark No. 2001CA88 (June 14, 2002).

**{¶ 15}** Defendant's assignments of error are overruled. The judgment of the trial court will be affirmed.

FAIN, J., And FROELICH, J., concur.

Copies mailed to:

Carley J. Ingram, Esq.
Jeremiah Young
Hon. Mary Wiseman