[Cite as *State v. Arnett*, 2012-Ohio-4967.]

IN THE COURT OF APPEALS OF MIAMI COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                :       C.A. CASE NO. 12 CA 6

vs.                                         :       T.C. CASE NO. 79 CR 75

DEAN MITCHELL ARNETT                        :       (Criminal Appeal from the
                                                                     Common Pleas Court)

    Defendant-Appellant               :

. . . . . . . . .

**O P I N I O N**

Rendered on the 26th day of October, 2012.

. . . . . . . . .

Gary Nasal, Miami County Prosecuting Attorney, by Robert E. Long III, Assistant Prosecuting Attorney, Atty. Reg. No. 0066796, 201 West Main Street, Troy, Ohio 45373

    Attorney for Plaintiff-Appellee

Dean Mitchell Arnett, #156-045 SCI, 5900 B.I.S. Road, Lancaster, Ohio 43130
    *Pro Se* Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} On June 6, 1979, Defendant Dean Michael Arnett was charged by indictment with two counts of aggravated murder, R.C. 2903.01(A). On September 21, 1979, the indictment was amended to charge two counts of murder, R.C. 2903.02(A). In exchange,

Defendant withdrew his prior pleas of not guilty and entered pleas of no contest to the two new charges. On that same date, the court accepted the pleas and found Defendant guilty. He was sentenced to two terms of imprisonment of fifteen years to life, to be served consecutively. [Dkt. 31].

{¶ 2} On June 11, 2011, Defendant filed a Motion For Specific Performance Of Parol Contract. [Dkt. 55]. In an attached affidavit, Defendant averred that his attorney had told him that his two sentences would run concurrently and would total no more than 30 years. Defendant further averred that he would not have entered no contest pleas had he known that his sentences would instead run consecutively, resulting in a substantially longer term of imprisonment.

{¶ 3} On March 22, 2012, the trial court dismissed Defendant's motion for specific performance on several grounds: that it lacked the necessary certificate of service, and that because Defendant failed to file an appeal from the sentences the court imposed in 1979, the relief Defendant sought is barred by *res judicata*. [Dkt. 57].

{¶ 4} On April 6, 2012, Defendant filed a Request To Reconsider and Reopen his motion. The trial court denied that request on April 10, 2012. [Dkt. 60]. On May 11, 2012, Defendant filed a notice of appeal from the order of April 10, 2012 denying his motion for reconsideration. [Dkt. 61].

{¶ 5} In his *pro se* brief on appeal, Defendant sets out five assignments of error challenging the grounds on which the trial court denied his June 11, 2011 Motion For Specific Performance and his April 6, 2012 Request To Reconsider.

{¶ 6} Though it pertained to a sentence imposed in a criminal case, the relief of specific performance which Defendant's June 11, 2011 motion sought is civil in nature. The order of March 22, 2012 dismissing Defendant's motion for specific performance is a final order. Because the Rules of Civil Procedure make no provision for a motion for reconsideration of a final order or judgment, such a motion "will not lie and all judgments or final orders from said motion are a nullity." *Pitts v. Ohio Department of Transportation*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105 (1981). Being a nullity, the order of April 10, 2012 from which this appeal is taken is not a final judgment or order. Our appellate jurisdiction is limited to review of final judgments or orders. Ohio Constitution, Article IV, Section 3(B)(2).

{¶ 7} We are authorized by App. R. 3(I) to allow amendment of a notice of appeal upon such terms as are just. Even should we allow an amendment of Defendant's May 11, 2012 notice of appeal to instead be from the court's final order of March 22, 2012,[1] we would affirm the judgment of March 22, 2012.

{¶ 8} The Supreme Court has held that post-judgment motions to vacate the judgment of conviction in a criminal case should be treated as petitions for post-conviction relief filed pursuant to R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1987). Defendant took no appeal from his judgment of conviction of September 21, 1979 containing the sentence to which he now objects. In that instance, and absent the

---

[1]The March 22, 2012 order overruling Defendant's Motion For Specific Performance lacks the certification required by Civ.R. 58(B). Therefore, the time for filing a notice of appeal from that judgment had not begun to run when Defendant filed his notice of appeal on May 11, 2012.

extension that R.C. 2953.23 permits, the petition must be filed no later than 180 days after expiration of the 30-day period for filing a notice of appeal. R.C. 2953.21(A)(2). That time has long since expired, and no basis to extend the time pursuant to R.C. 2953.23 is evident from the record. Therefore, the trial court lacked jurisdiction to grant the relief Defendant's June 11, 2011 motion sought. *State v. Harden*, 2d Dist. Montgomery No. 20803, 2005-Ohio-5580. The court did not err when it overruled Defendant's Motion for Specific Performance Of Parol Contract.

{¶ 9} Defendant's assignments of error are overruled. The judgment of the trial court will be affirmed.

Donovan, J., and Hall, J., concur.

Copies mailed to:

Robert E. Long III, Esq.
Dean Mitchell Arnett
Hon. Christopher Gee