**[Cite as *State v. Preston*, 2020-Ohio-1042.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28451 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-3212/2 |
| | : | |
| ATRAVION PRESTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of March, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KIMBERLY K. CORRAL, Atty. Reg. No. 0089866, 16855 Foltz Industrial Parkway, Strongsville, Ohio 44149
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Atravion Preston appeals from a trial court judgment overruling his post-sentence motion to withdraw his guilty pleas and dismissing his petition for post-conviction relief. We affirm.

## I. Facts and Procedural History

{¶ 2} In March 2012, Preston pleaded guilty to one count of aggravated burglary and one count of rape. He moved to withdraw his plea eight days later on the grounds that he did not knowingly plead guilty. He claimed that he did not understand the nature of his offenses, his constitutional rights, or what he was doing at the plea hearing. Preston also argued that the victim was unable to identify him during the bind-over hearing in juvenile court and that additional investigation was needed. After an evidentiary hearing, the trial court overruled his plea withdrawal motion. The trial court sentenced Preston to an aggregate term of 12 years in prison.

{¶ 3} Preston appealed from the judgment overruling his plea withdrawal motion. He argued that he did not knowingly plead guilty, because he did not understand all aspects of his case or what was discussed at the plea hearing. In September 2013, we affirmed the trial court's judgment in *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404 (*Preston I*). We concluded that the record established that Preston knowingly pleaded guilty, that the trial court considered all the factors that must be weighed when ruling on a motion to withdraw a plea, and that a majority of them weighed against withdrawal.

{¶ 4} Around five years later, in September 2018, Preston filed pro se a motion to withdraw his pleas and a petition for post-conviction relief. As grounds for withdrawal, he

cited ineffective assistance of trial counsel, conflict of interest, and actual innocence. He also claimed that he did not knowingly, intelligently, and voluntarily plead guilty. The state moved to dismiss the petition for post-conviction relief or, alternatively, for summary judgment.

{¶ 5} On May 31, 2019, the trial court sustained the state's motion for summary judgment, overruling Preston's motion to withdraw his guilty pleas and dismissing his petition for post-conviction relief. On the plea withdrawal motion, the court concluded that Preston failed to show manifest injustice. On the petition, the court concluded that it was untimely and that Preston failed to satisfy the untimeliness exception, leaving the court without jurisdiction to rule on it.

{¶ 6} Preston appeals.

## II. Analysis

{¶ 7} Preston assigns two errors to the trial court. The first challenges the overruling of his motion to withdraw his guilty pleas, and the second challenges the dismissal of his petition for post-conviction relief.

### A. Post-sentence motion to withdraw guilty pleas

{¶ 8} The first assignment of error alleges:

The Trial Court Abused its Discretion When it Denied Appellant's [Crim.R.] 32.1 without Conducting a Meritorious Analysis of Petitioner's Manifest Injustice Claim.

{¶ 9} "Appellate courts review trial court decisions on motions to withdraw pleas for abuse of discretion." *State v. Rozell*, 2018-Ohio-1722, 111 N.E.3d 861, ¶ 25 (2d Dist.), citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the

syllabus.

{¶ 10} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea "to correct manifest injustice." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Smith* at paragraph one of the syllabus.

{¶ 11} The trial court here relied on our decision in *State v. Dixon*, 2d Dist. Clark No. 2017-CA-80, 2019-Ohio-1385, to overrule Preston's post-sentence motion to withdraw his guilty pleas. In *Dixon*, we said that "a manifest injustice cannot be established where a defendant could have sought redress 'through another form of application,' including a direct appeal." *Id.* at ¶ 7, quoting *State v. Minkner*, 2d Dist. Champaign No. 2009 CA 16, 2009-Ohio-5625, ¶ 25-32. "Thus, much like res judicata," we said, "the manifest-injustice standard precludes relief under Crim.R. 32.1 when an issue could have been raised on direct appeal." *Id.* at ¶ 8.

{¶ 12} The trial court concluded that the claims Preston raised in support of his post-sentence motion to withdraw could have been raised on direct appeal. We agree. In *Preston I*, Preston appealed from the trial court judgment overruling his presentence motion to withdraw his guilty pleas on grounds that he did not knowingly plead guilty. He argued in his motion to withdraw that he lacked the requisite knowledge to enter his guilty pleas, because he did not understand the nature of his offenses, his constitutional rights, or what was going on at the plea hearing. He testified to all of this at an evidentiary hearing. In the current post-sentence motion to withdraw, Preston asserts five claims of trial counsel's ineffectiveness. He argues that trial counsel was ineffective for (1) failing to investigate the collection of evidence, including DNA evidence; (2) failing to investigate

witnesses; (3) creating a conflict of interest based on counsel's prior position with the prosecutor's office, (4) deceiving him into entering the guilty pleas, and (5) advising him to plead guilty despite knowing that he is innocent. Preston did not make these claims in his earlier appeal. He could have made them, since they all concern things that happened before he entered his pleas. Indeed, Preston apparently raised many of these issues in his earlier appeal—the communication between Preston and his trial counsel before the plea, that counsel had been a prosecutor, the bind-over hearing, the DNA evidence, the laptop, and his codefendant's statements. *See Preston I* at ¶ 11-14. But he did not assert claims of ineffective assistance of counsel based on these issues.

{¶ 13} We also conclude that res judicata bars Preston's plea-withdrawal claims. In *Dixon*, the defendant argued that res judicata did not apply to the arguments raised in his Crim.R. 32.1 motion to withdraw. Although our district's jurisprudence at that time was contrary to at least seven other districts, we cited to our case law that held "strictly speaking, res judicata does not apply to a plea-withdrawal motion." *Dixon* at ¶ 7, quoting *State v. Cochran*, 2d Dist. Clark No. 2006 CA 87, 2007-Ohio-4545, ¶ 17. But the Ohio Supreme Court made it clear in *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59-60, that res judicata does apply to a plea-withdrawal motion and is a valid basis for rejecting claims that were or could have been raised at trial or on appeal. And more recently, in *State v. Straley*, the Court pointedly said that "[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, Ohio Slip Opinion No. 2019-Ohio-5206, __ N.E.3d __, at ¶ 23, *citing Ketterer* at ¶ 59. "[A]ny claimed ineffective assistance of counsel should have been raised on direct

appeal and is now barred by res judicata." *State v. Kemp*, 2d Dist. Clark No. 2014 CA 32, 2014-Ohio-4607, ¶ 16. The application of res judicata to Preston's claims is particularly appropriate where prior to sentencing he filed a motion to withdraw his plea, had a full evidentiary hearing, the trial court denied his motion, and we affirmed that decision on direct appeal. All of the issues he now attempts to raise were evident to him at that time and could have been raised at the 2012 evidentiary proceeding.

{¶ 14} Finally, we agree with the trial court's conclusion that Preston's ineffective-assistance claims are proper grounds for post-conviction relief under R.C. 2953.21. In *Dixon*, we identified a second reason for denying relief under Crim.R. 32.1: " '[M]atters outside the record that allegedly corrupted the defendant's choice to enter a guilty or no contest plea so as to render that plea less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are proper grounds for post-conviction relief pursuant to R.C. 2953.21 and * * * the availability of that relief removes defendant's claims from the type of extraordinary circumstances that demonstrate a manifest injustice, which is required for Crim.R. 32.1 relief.' " *Dixon* at ¶ 10, quoting *State v. Nawman*, 2d Dist. Clark No. 2016-CA-43, 2017-Ohio-7344, ¶ 15.

{¶ 15} For any of these reasons, the trial court did not abuse its discretion by overruling Preston's post-sentence motion to withdraw his guilty pleas.

{¶ 16} The first assignment of error is overruled.

### B. Petition for post-conviction relief

{¶ 17} The second assignment of error alleges:

The Trial Court Erred in Denying Appellant's Petition Without a Hearing.

{¶ 18} R.C. 2953.21(A)(2) provides that "[e]xcept as otherwise provided in section

2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." "This provision denies the common pleas courts jurisdiction to adjudicate the merits of an untimely petition, with but one narrow exception." *State v. Harden*, 2d Dist. Montgomery No. 20803, 2005-Ohio-5580, ¶ 9. The exception, found in R.C. 2953.23(A), "confers jurisdiction to adjudicate an untimely postconviction petition when the petitioner shows that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief, or that a new federal or state right that applies retroactively to the petitioner was recognized by the United States Supreme Court subsequent to the period prescribed in R.C. 2953.21(A)(2), and the petition asserts a claim based upon that right." *Id.*

{¶ 19} Here, Preston's petition for post-conviction relief is untimely, as it was filed roughly five years after we decided his direct appeal, and the exception is not satisfied. No new federal or state right applies to Preston. Preston failed to explain in the trial court, and fails to explain on appeal, how he was unavoidably prevented from discovering the facts on which his petition relies. Therefore the trial court correctly concluded that it lacked jurisdiction over Preston's petition for post-conviction relief and properly dismissed it.

{¶ 20} The second assignment of error is overruled.

### III. Conclusion

{¶ 21} We have overruled both of the assignments of error presented. The trial court's judgment is therefore affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Kimberly K. Corral
Hon. Mary E. Montgomery