[Cite as *State v. Rozell*, 2018-Ohio-1722.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-65 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-0103 |
| | : | |
| BRIAN ROZELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of May, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Brian Rozell, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to operating a vehicle under the influence of drugs or alcohol. In support of his appeal, Rozell contends that the trial court erred in overruling his presentence motion to withdraw guilty plea. Rozell also contends that the trial court erred by allowing Rozell's former defense counsel to testify at the hearing on his motion to withdraw guilty plea, claiming a violation of the attorney-client privilege. Lastly, Rozell contends that his defense counsel provided ineffective assistance. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On March 2, 2015, the Clark County Grand Jury returned a two-count indictment charging Rozell with operating a vehicle under the influence of drugs or alcohol ("OVI") and endangering children.[1] The OVI charge included a specification under R.C. 2941.1413 indicating that Rozell has, within the past twenty years, been previously convicted of or pled guilty to five or more OVI offenses. The charges arose after it was alleged that an intoxicated Rozell crashed a truck into a fence while a female and a child were riding as his passengers.

{¶ 3} The OVI and endangering children charges were filed under Clark County

---

[1] While the record makes clear that the OVI offense was charged as a third-degree felony, the indictment does not specify the level of offense for the endangering children charge. The arrest report indicates that the charge is a felony; however, under R.C. 2919.22(E), endangering children is typically a first-degree misdemeanor when there are no aggravating factors, which are not present in this record.

Case No. 2015-CR-0103. At the time of his indictment, Rozell had a theft charge pending in Clark County Case No. 2014-CR-0183 and a failure to appear charge pending in Clark County Case No. 2014-CR-0377. A public defender was initially appointed to represent Rozell in all three cases. The public defender, however, withdrew shortly after his appointment due to a conflict of interest. Thereafter, the trial court appointed attorney Rebekah Sinnott to represent Rozell.

{¶ 4} While representing Rozell, Sinnott negotiated a plea agreement, whereby the State agreed to dismiss all charges in Case Nos. 2014-CR-0183 and 2014-CR-0377, as well as the endangering children charge and the OVI specification in Case No. 2015-CR-0103, in exchange for Rozell agreeing to plead guilty to the third-degree-felony OVI charge and paying $81.95 in restitution. The State also agreed to remain silent at sentencing. Rozell accepted the plea agreement and pled guilty to the OVI charge at a plea hearing held on April 24, 2015.

{¶ 5} Following the plea hearing, on May 26, 2015, Sinnott filed a motion to continue Rozell's sentencing hearing, which was scheduled for May 29, 2015. Sinnott requested the continuance due a conflict with her schedule and due to authorities taking Rozell into custody and transferring him to Tennessee to answer charges there. Over the next year, nothing happened in the case until Sinnott filed a motion to withdraw as Rozell's counsel on August 5, 2016. In the motion, Sinnott advised the trial court that she had accepted a position with the Clark County Public Defender's Office, which had a conflict with Rozell. The trial court permitted Sinnott to withdraw as Rozell's trial counsel and Rozell was thereafter represented by attorney John Juergens.

{¶ 6} Around the same time Sinnott withdrew as Rozell's trial counsel, the trial

court received notice that Rozell had returned to Clark County, Ohio. Shortly thereafter, Juergens filed a motion to withdraw guilty plea on Rozell's behalf. In the motion, Rozell claimed that he did not knowingly and voluntarily plead guilty because Sinnott provided ineffective assistance of counsel.

{¶ 7} On January 6, 2017, the trial court held a hearing on Rozell's motion to withdraw guilty plea. At the hearing, Rozell testified regarding his communications with Sinnott leading up to his guilty plea and discussed Sinnott's alleged shortcomings in representing him. According to Rozell, Sinnott failed to: (1) obtain or review discovery; (2) advise him of the possible penalties he faced; (3) discuss defenses other than trial; and (4) provide him with any legal advice regarding the State's plea offer. Rozell further testified that the only reason he accepted the State's plea offer and pled guilty was because he was withdrawing from Suboxone and wanted to be released from jail.[2] Rozell also claimed that Sinnott knew he was in withdrawal when they discussed his plea and that his guilty plea was coerced.

{¶ 8} After the January 6th hearing, the State requested the trial court to reopen the matter so that it could call Sinnott as a witness to testify regarding her representation of Rozell. The trial court granted the request and permitted Sinnott to testify over Rozell's objection. Rozell objected on grounds that Sinnott's testimony would violate the attorney-client privilege. The trial court disagreed, as it determined Rozell waived the attorney-client privilege when he raised the issue of Sinnott's alleged ineffectiveness.

{¶ 9} While testifying, Sinnott directly contradicted Rozell's allegations regarding

---

[2] Two days before his plea hearing, Rozell was arrested pursuant to a capias order that was issued for his failure to appear at a court hearing.

her representation. Sinnott testified that she reviewed the discovery materials with Rozell at her office prior to his plea and that she specifically recalled discussing Rozell's defenses, one of which was that no one actually saw him driving while intoxicated.[3] Sinnott also testified that she advised Rozell he could face over 10 years in prison if he took all three of his cases to trial and would only be exposed to 36 months in prison if he accepted the State's plea offer. Sinnott, however, claimed that she told Rozell it was ultimately his decision whether to accept the plea offer.

{¶ 10} Continuing, Sinnott testified that she met with Rozell at least twice before his plea and that she had more than one telephone conversation with him. Although there was a discrepancy as to whether Sinnott met with Rozell in jail, Sinnott reminded the trial court on multiple occasions that she represented Rozell two years ago, and that she did not remember certain details. Sinnott further testified that when she met with Rozell prior to his plea, he was aware of what was going on and that she had no reason to believe or ask if he was impaired or withdrawing from medication. Sinnott further testified that she believed Rozell's guilty plea was made knowingly and voluntarily.

{¶ 11} Following Sinnott's testimony, the trial court permitted Rozell to testify again. Rozell testified that Sinnott's testimony was not the truth and that she did not discuss the plea offer with him or any potential sentence. According to Rozell, the only thing he and Sinnott discussed was trial. Rozell further testified that he and his family attempted to contact Sinnott several times to file a motion to withdraw guilty plea, but that

---

[3] The record indicates that when the police went to the scene of the crash in question, Rozell's truck was no longer at the scene. Instead, the police found the truck in a nearby yard where Rozell and another man were arguing. The police observed that both men appeared to be highly intoxicated. After further investigation and speaking to a witness, the police learned that Rozell was the driver of the truck involved in the crash.

Sinnott could not be reached.   According to Rozell, he wanted to withdraw his plea immediately after entering it.

{¶ 12} On May 9, 2017, after considering the testimony presented at the hearings and in the memorandums filed by the parties, the trial court issued a decision denying Rozell's motion to withdraw guilty plea.   Rozell then filed a motion to reconsider, which the trial court also denied.   The matter then proceeded to sentencing, during which the trial court imposed a 36-month prison term, $5,000 fine, 25-year license suspension, and court costs.

{¶ 13} Rozell now appeals from his conviction, raising three assignments of error for review.

**First Assignment of Error**

{¶ 14} Rozell's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN ORDERING TRIAL COUNSEL TO TESTIFY AT THE HEARING ON THE PLEA WITHDRAWAL IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS AND RIGHT TO PRESERVE ATTORNEY-CLIENT PRIVILEGE.

{¶ 15} Under his First Assignment of Error, Rozell contends that the trial court erred by allowing the State to call Rozell's former defense counsel, Sinnott, to testify at the hearing on his motion to withdraw guilty plea.   According to Rozell, this violated the attorney-client privilege, which he claims he did not waive.   We disagree.

{¶ 16} This court addressed the same argument in *State v. Houck*, 2d Dist. Miami No. 09-CA-08, 2010-Ohio-743.   In *Houck*, the defendant, who was represented by a

public defender, pled guilty and thereafter retained private counsel who moved to withdraw the defendant's guilty plea prior to sentencing. *Id.* at ¶ 5-6. At the hearing on the motion to withdraw guilty plea, the defendant testified on her own behalf and the State called the public defender to testify regarding his representation of the defendant. *Id.* at ¶ 6. The defendant objected to the testimony of the public defender on grounds of attorney-client privilege. *Id.* The trial court overruled the objection and the defendant appealed. *Id.* at ¶ 6-7.

{¶ 17} On appeal, we held that the defendant in *Houck* "unequivocally waived the confidential, privileged nature of her communication with [her former attorney] concerning whether she should plead guilty to the charged offense, when she testified concerning the communication, including what [her attorney] had advised her." *Id.* at ¶ 37. In so holding, we stated that a defendant "may not publish to the world her attorney's advice to her and expect that it will thereafter remain privileged." *Id.* "A ruling to the contrary would permit anyone, in either criminal or civil litigation, to claim with impunity that she was acting on advice of counsel, without permitting her former counsel to be asked, by adverse parties, whether that was, in fact, counsel's advice." *Id.* at ¶ 38. "The attorney-client privilege is a shield, to protect the confidentiality of a client's consultation with her attorney, not a sword to facilitate perjury concerning the substance of counsel's advice." *Id.*

{¶ 18} Our holding in *Houck* applies to the present case. Here, Rozell testified regarding his communications with Sinnott in an effort to establish ineffective assistance of counsel. By publishing their communications in such a manner, Rozell, like the defendant in *Houck*, waived the privileged nature of those communications. As a result,

Sinnott was permitted to testify regarding her communications with Rozell without violating the attorney client privilege, which, again, had been waived.

{¶ 19} In support of his claim otherwise, Rozell relies on *State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451. In *Strickland*, the trial court ordered defense counsel, who was actively representing the defendant, to testify at the hearing on defendant's motion to withdraw guilty plea. Defense counsel testified regarding his experience as a criminal defense attorney and the plea offers that he had conveyed to the defendant. *Id.* at ¶ 7. We held this violated the defendant's Sixth Amendment right to counsel because it placed defense counsel in the difficult and unexpected position of having to testify against his client rather than as an advocate. *Id.* at ¶ 20, 25, 30.

{¶ 20} Our decision in *Strickland* is distinguishable from the present case because Sinnott was no longer Rozell's attorney at the time she testified at the hearing on Rozell's motion to withdraw guilty plea. As Rozell's former attorney, Sinnott was not placed in the position of having to both advocate for and testify against Rozell. Therefore, the holding in *Strickland* is inapplicable to the case at bar, as Sinnott was permitted to testify once Rozell waived the attorney-client privilege.

{¶ 21} Rozell's First Assignment of Error is overruled.


**Second Assignment of Error**

{¶ 22} Rozell's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

{¶ 23} Under his Second Assignment of Error, Rozell contends that the trial court

erred in denying his presentence motion to withdraw guilty plea. We again disagree.

{¶ 24} Pursuant to Crim.R. 32.1: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The presentence standard is more lenient than the "manifest injustice" standard, which is applicable to postsentence motions. *State v. Fugate*, 2d Dist. Montgomery No. 21574, 2007-Ohio-26, ¶ 10. Nevertheless, even under the presentence standard, the right to withdraw a plea is not absolute, and a trial court retains discretion to overrule a presentence motion to withdraw a plea. *Xie* at 527.

{¶ 25} Appellate courts review trial court decisions on motions to withdraw pleas for abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id*. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id*.

{¶ 26} In evaluating whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea, this court has adopted the following nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995),

*overruled on other grounds, State v. Sims,* 2017-Ohio-8379, ___ N.E.3d ___ (1st Dist.):

> "(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea."

*State v. Warrix,* 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29, quoting *State v. Massey,* 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11. (Other citation omitted.)

{¶ 27} "In considering these factors, the trial court employs a balancing test; no single factor is dispositive." *Id.* at ¶ 30, citing *State v. Preston,* 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.,* quoting *Xie,* 62 Ohio St.3d at 527, 584 N.E.2d 715.

{¶ 28} In this case, the trial court determined that Rozell was represented by highly competent counsel, thus indicating the trial court found Sinnott's testimony regarding her representation of Rozell more credible than Rozell's testimony. "Decisions regarding the credibility of witnesses are primarily for the trial court to make, given that the trial judge, as the finder of fact at the hearing on the motion to withdraw the plea, saw and heard the

witnesses' testimony." *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 22, citing *State v. Brown*, 2d Dist. Miami No. 2002-CA-23, 2003-Ohio-2959, ¶ 13, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). Therefore, based on Sinnott's testimony, we agree that Rozell was represented by highly competent counsel. In so holding, we note that the plea agreement negotiated by Sinnott resulted in the dismissal of several charges against Rozell and reduced Rozell's maximum possible prison term from over 10 years in prison to a mere 36 months. Accordingly, Rozell's contentions with Sinnott's representation are unfounded.

{¶ 29} We also find that Rozell received a full Crim.R. 11 plea hearing prior to entering his guilty plea. At the plea hearing and in the plea form, the trial court discussed in great detail the nature of the OVI charge, the maximum possible penalty, the effect of entering a guilty plea, and the rights Rozell was waiving by pleading guilty. Rozell indicated that he understood all these items and specifically indicated that his plea was being entered voluntarily. Although Rozell claims he was not of sound mind during the plea hearing due to withdrawing from Suboxone, at the time of the hearing, Rozell advised the trial court that he was not under the influence of alcohol, drugs, or medication, and there is nothing in the record of the plea hearing to indicate otherwise. We further note that Rozell testified that he knew immediately after entering his plea that he had made a mistake and wanted to withdraw his plea. Hearing Trans. (Jan. 26, 2017), p. 55. Therefore, Rozell is asking this court to believe that his alleged withdrawal from Suboxone prevented him from knowingly and voluntarily pleading guilty, but not from knowingly and voluntarily deciding to withdraw his plea. We decline Rozell's invitation.

{¶ 30} In addition to having a full Crim.R. 11 plea hearing, during which Rozell

exhibited an understanding of the nature of the OVI charge and the possible penalty, the record indicates that Rozell was given a full hearing on his motion to withdraw guilty plea. The record further indicates that the trial court gave full and fair consideration to Rozell's motion, which Rozell does not dispute on appeal.

{¶ 31} With regard to having a complete defense, Rozell argues that he has "potentially meritorious defenses," but fails to explain what those defenses are or whether any amount to a complete defense to the OVI conviction. At the hearing on his motion to withdraw guilty plea, Rozell indicated that certain witnesses could not or would not[4] testify against him at trial. The record indicates that the sole witness who would have testified against Rozell, Kathy Huff, died in between the time Rozell pled guilty and the time he filed his motion to withdraw guilty plea. Due to the death of this witness, we find the State would be prejudiced if Rozell's guilty plea was withdrawn and the matter went to trial.

{¶ 32} As for the timeliness of Rozell's motion, we note that Rozell filed his motion to withdraw guilty plea over a year after he entered his plea. Rozell claims he was prevented from doing so any earlier because he could not make contact with Sinnott and because he was taken out of Ohio to answer charges in Tennessee. Even if we were to find that Rozell filed his motion within a reasonable time given his transfer to Tennessee and alleged inability to contact Sinnott, timeliness alone is insufficient as a matter of law to support the withdrawal of a plea. *State v. Chatman*, 2d Dist. Montgomery No. 25766, 2014-Ohio-134, ¶ 10.

---

[4] The record indicates that the other witness is Rozell's friend "Larry," who Rozell indicated would not testify against him at trial. Hearing Trans. (Jan. 6, 2017), p. 18.

{¶ 33} Based on the foregoing discussion, we find that the majority of the factors in *Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788, do not support the withdrawal of Rozell's guilty plea.   In considering these factors, we further find that the record does not establish that Rozell had a reasonable, legitimate basis to withdraw his plea.   Therefore, the trial court did not abuse its discretion in overruling Rozell's presentence motion to withdraw guilty plea.

{¶ 34} Rozell's Second Assignment of Error is overruled.


**Third Assignment of Error**

{¶ 35} Rozell's Third Assignment of Error is as follows:

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION.

{¶ 36} Under his Third Assignment of Error, Rozell contends that both attorney Sinnott and attorney Juergens provided ineffective assistance of counsel.   We again disagree.

{¶ 37} In order to succeed on an ineffective assistance claim, Rozell must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.   The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel.   *Strickland* at 697.

**{¶ 38}** To establish deficient performance, Rozell must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *Bradley* at 142. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

**{¶ 39}** To establish prejudice, Rozell must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688; *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

**{¶ 40}** With regard to the ineffective assistance claim against Sinnott, we note that "a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13, citing *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.). In turn, "[i]f a defendant pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.' " *Id.*, quoting *Frazier* at ¶ 81. Therefore, "[o]nly if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52, 52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

(Other citations omitted.)

{¶ 41} In this case, the record does not indicate that Sinnott performed deficiently so as to affect the knowing, intelligent, and voluntary nature of Rozell's guilty plea. As previously discussed, Sinnott testified that she informed Rozell of the charges and possible sentences he faced if he accepted the State's plea offer versus going to trial. Sinnott also testified that Rozell displayed no signs of impairment or withdrawal from medication when she discussed the State's plea offer and Rozell's decision to plead guilty. The record also indicates that Sinnott went over the plea form with Rozell, which Rozell signed and claimed he understood at the plea hearing. There is nothing in the plea hearing transcript indicating that Sinnott engaged in any conduct that rendered Rozell's plea less than knowing, intelligent, and voluntary. Other than his self-serving testimony regarding Sinnott's representation, which the trial court did not find credible, Rozell cannot point to anything in the record that would call Sinnott's performance into question.

{¶ 42} With regard to the ineffective assistance claim against Juergens, Rozell contends that Juergens's cross-examination of Sinnott at the hearing on his motion to withdraw guilty plea was deficient. Specifically, Rozell claims that the cross-examination of Sinnott demonstrates that Juergens did not obtain or review the bill of particulars or discovery materials because Juergens "did not address specifically the issues relating to potential defenses, factual scenarios or other deficiencies in the testimony of Sinnott."

{¶ 43} Initially, we note that there is nothing in the record indicating that Juergens did not obtain or review the bill of particulars or the discovery materials in Rozell's case. Therefore, Rozell's claim to that effect is pure speculation. A review of the record also

reveals that Juergens did question Sinnott about Rozell's potential defenses during Sinnott's cross-examination and that Juergens attempted to establish deficiencies in Sinnott's testimony. *See* Hearing Trans. (Jan. 26, 2017), p. 39-51. Regardless, it is well established that " '[t]he scope of cross-examination falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel.' " *State v. Williams*, 2d Dist. Montgomery No. 24548, 2012-Ohio-4179, ¶ 28, quoting *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101. *Accord State v. Nevins*, 2d Dist. Montgomery No. 24070, 2011-Ohio-389, ¶ 53 ("decisions regarding cross-examination are within trial counsel's discretion and cannot form the basis for a claim of ineffective assistance of counsel"), citing *State v. Shells*, 2d Dist. Montgomery No. 20802, 2005-Ohio-5787, ¶ 37. " '[A]n appellate court reviewing an ineffective assistance of counsel claim must not scrutinize counsel's strategic decision to engage, or not to engage, in a particular line of questioning on cross-examination.' " *State v. Brodbeck*, 10th Dist. Franklin No. 08AP-134, 2008-Ohio-6961, ¶ 65, quoting *State v. Dorsey*, 10th Dist. Franklin No. 04AP-737, 2005-Ohio-2334, ¶ 22. *Accord State v. Arnold*, 2d Dist. Montgomery No. 22785, 2009-Ohio-2773, ¶ 60.

**{¶ 44}** For the foregoing reasons, we find that Rozell has failed to establish that either Sinnott or Juergens performed deficiently while representing him in this matter. As a result, his ineffective assistance of counsel claim must fail.

**{¶ 45}** Rozell's Third Assignment of Error is overruled.

## Conclusion

**{¶ 46}** Having overruled all assignments of error raised by Rozell, the judgment of

the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Andrew P. Pickering
Jay A. Adams
Hon. Richard J. O'Neill