[Cite as *State v. Curtis*, 2019-Ohio-1545.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-64 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-0640 |
| | : | |
| BRIAN D. CURTIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of April, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

RENEE D. BUSSE, Atty. Reg. No. 0092823, 10890 North Patterson Road, Piqua, Ohio 45356
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Brian Douglas Curtis, while on post-release control (PRC), pleaded guilty to possession of cocaine, a fifth-degree felony.  The trial court sentenced Curtis to a 12-month prison term on the cocaine possession charge and to an additional 12-month prison term for the PRC violation; as statutorily required, the trial court ordered that the sentences be served consecutively.  On appeal, counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating she could find no arguably meritorious appellate issues.  We concur in this conclusion, and, as a result, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} While on PRC after serving an 11-month prison term for two breaking and entering convictions, Curtis was indicted for cocaine possession, a fifth-degree felony, and tampering with evidence, a third-degree felony.  Trial counsel filed a suppression motion, but it was withdrawn just before Curtis entered into a negotiated plea.  The negotiated plea required Curtis to enter a guilty plea to the cocaine possession count, and the tampering with evidence count was dismissed.

{¶ 3} The trial court, during the Crim.R. 11 colloquy, discussed PRC prospectively as follows:

* * *

If the defendant were to commit a felony while on post-release control, he could go back to prison for at least one year and up to the amount of time remaining on the post-release control if it's greater than one year.

That time would have to be served consecutively to any sentence he receives on the new felony.

{¶ 4} The trial court additionally discussed the potential immediate effect on Curtis's PRC status as follows:

THE COURT: You were placed on post-release control on January 17, 2016, for a period of three years.   Is that correct?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that under the Revised Code any sentence you receive   - -   or as a result of being found guilty of a felony, if you go back to prison on the prior case for at least one year and up to the amount of time remaining on post-release control if it's greater than a year.

DEFENDANT: Yes, sir.

THE COURT: That would have to be served, by statute, consecutive to any sentence you receive on this case.   Do you understand that?

DEFENDANT: Yes, sir.

{¶ 5} Finally, the plea form Curtis signed stated the following regarding PRC:

I understand that if I am now on felony probation, parole, or under post-release control from prison, this plea may result in revocation proceedings and any new sentence will be imposed consecutively.

Curtis indicated that he had read and reviewed the plea form with his attorney before he signed it, that he understood its content, and that he had no questions regarding the plea form.

{¶ 6} The trial court sentenced Curtis to a 12-month prison term for the cocaine

possession count, revoked the PRC, and sentenced Curtis to a 12-month prison term for being convicted of a felony while on PRC. The trial court ordered that the two sentences be served consecutively, resulting, of course, in a 24-month prison term. On appeal, counsel was appointed to represent Curtis.

{¶ 7} Counsel has filed an *Anders* brief stating that she "does not believe [Curtis] has any meritorious issues to present for appellate review." Counsel has also requested leave to withdraw as Curtis's appellate counsel.

{¶ 8} Consistent with her duty under *Anders*, counsel has suggested two possible appellate issues as follows: (1) that an appellate court could find by clear and convincing evidence that Curtis's sentence was not supported by the record, and (2) that the motion to suppress should have been granted. Curtis was informed of the *Anders* filing and of his right to file a pro se brief. Curtis has not filed a brief.

### *Anders* Standard

{¶ 9} An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is present when, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders*

brief and appoint new counsel to represent the defendant.

### *Anders* Review

{¶ 10} Counsel first suggests Curtis's sentence as a possible appellate issue. A "trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing [a] maximum or more than minimum sentence[ ]." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. An appellate court may vacate or modify a sentence "only if it determines by clear and convincing evidence that the record, under the pertinent statutes, does not support the sentence, or the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2). A sentence is not contrary to law as long as it is within the statutory range and the trial court states that it has considered R.C. 2929.11 (purposes and principles of felony sentencing) and the R.C. 2929.12 factors. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.). Leaving aside the PRC sentence, which will be discussed separately, the trial court's sentence on the cocaine possession count was within the statutory range, and the trial court indicated consideration of R.C. 2929.11 and R.C. 2929.12. Further, the record, in particular Curtis's lengthy criminal history, supports the imposed sentence. Thus, any appellate argument attacking Curtis's maximum sentence on the cocaine possession count would be frivolous.

{¶ 11} Counsel also suggests as a possible assignment of error that the trial court should have sustained the motion to suppress. Since the motion was withdrawn, this

suggestion will be reviewed as a potential argument that trial counsel rendered ineffective assistance by not pursuing the motion to its conclusion. A defendant's guilty plea acts as a waiver of all error, including a claim of ineffective assistance of counsel, "except to the extent that [any error] precluded the defendant from knowingly, intelligently, and voluntarily entering * * * his guilty pleas." *State v. Rozell*, 2018-Ohio-1722, 111 N.E.3d 861, ¶ 40 (2d Dist.), quoting *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13. Therefore, a defendant, in order to establish ineffective assistance of counsel within the context of a guilty plea, must establish that counsel's advice regarding the guilty plea was outside the "range of competence demanded of attorneys in criminal cases[,]" and there is a "reasonable probability" that had he been adequately advised, he "would not have pleaded guilty * * *." *Id.* at ¶ 40, quoting *State v. Huddleston*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9. (Other citations omitted.) On this record, under this standard, asserting ineffective assistance of trial counsel would be a frivolous argument.

{¶ 12} A potential appellate issue not raised by counsel but which deserves discussion is the trial court's imposition of the additional 12-month prison term stemming from Curtis's PRC revocation. R.C. 2929.141(A)(1) provides that, when a defendant on PRC is, through plea or trial, convicted of a new felony, the trial court, in addition to any prison term for the new felony, may terminate the PRC and impose an additional prison term. This additional term may be the greater of 12-months or the remaining PRC period. The additional prison term must be served consecutively to the prison term for the new felony. R.C. 2929.141(A)(1). The trial court's PRC revocation and additional sentence in this case are consistent with R.C. 2929.141(A)(1), and it would be frivolous to argue

otherwise.

**{¶ 13}** The Ohio Supreme Court, in *State v. Bishop*, Ohio Slip Opinion No. 2018-Ohio-5132, ___ N.E.3d ___, recently ruled that when a trial court imposes a sentence under R.C. 2929.141(A)(1), the Crim.R. 11(C)(2)(a) maximum penalty advisement is implicated. Specifically, the court ruled that "Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on [PRC], during his plea hearing in a new felony case, of the trial court's authority to terminate [PRC] and * * * impose a consecutive prison sentence for the [PRC] violation." *Bishop* at ¶ 21. The Supreme Court additionally noted that the Crim.R. 11 maximum penalty advisement does not implicate a constitutional right. The Court then discussed the differing results following a trial court's substantial, partial, or non-compliance with an advisement requirement regarding a non-constitutional issue. First, when the Crim.R. 11 issue does not relate to a constitutional right, a trial court's substantial, as opposed to strict, compliance with the rule's requirement will not affect a plea's validity. Secondly, a trial court's partial compliance with a Crim.R. 11 non-constitutional advisement requirement requires a defendant to establish that if there had been at least substantial compliance, he would not have entered into the plea. If this is established, the plea must be vacated. Finally, if there is no compliance with a Crim.R. 11 non-constitutional advisement requirement, the plea must be vacated. *Bishop* at ¶ 18.

**{¶ 14}** Turning to the pending case, the trial court's wording perhaps could have been more precise, but it confirmed that Curtis was on PRC, that if he went to prison on the "prior case" the prison term would be "for at least one year and up to the amount of time remaining on [PRC] if * * * greater than one year," and that this sentence would have

to be served in a consecutive fashion "to any sentence * * * on [the pending] case." Further, the trial court's plea discussion concerning the prospective consequences of committing a new felony while on PRC was precise and correct. Finally, the plea form informed Curtis that his guilty plea could result in revocation of PRC and that any "new" sentence would be "imposed consecutively." Given this record, it would be frivolous to argue that the trial court, when taking into account Curtis's PRC status, did not at least substantially comply with the Crim.R. 11(C)(a)(2) maximum penalty advisement.

{¶ 15} We have, additionally, reviewed the entire record. In addition to the issues already discussed, our review has included the sentencing entries and the presentence investigation. This review has not disclosed any arguably meritorious appellate issues.

**Conclusion**

{¶ 16} We have found no non-frivolous issues for appellate review. Counsel's motion to withdraw is granted, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
Renee D. Busse
Brian D. Curtis
Hon. Richard J. O'Neill