[Cite as *State v. Blankenship*, 2021-Ohio-3612.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29068 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-2703 |
| | : | |
| STEVEN BLANKENSHIP | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of October, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 West Second Street, Suite 1717, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Defendant-Appellant Steven Blankenship appeals from his convictions following his guilty plea to robbery, misdemeanor assault, and misdemeanor domestic violence. He claims that the court erred in denying his pre-sentence motion to withdraw his guilty plea. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.    Facts and Procedural History

**{¶ 2}** On August 14, 2019, Thomas Jones was mowing the lawn of Carole Crow, his elderly, wheelchair-bound neighbor, when Crow's son, Blankenship, came outside and confronted him. Blankenship demanded that Jones stop mowing and, when he did not immediately stop, Blankenship threw a punch. The swing missed Jones, who hurled a punch of his own at Blankenship. Blankenship then pulled a knife on Jones and threatened to "gut" him. Jones retreated to his residence.

**{¶ 3}** Blankenship stormed into his mother's house and stated that he was going to get his Aryan Nation brothers to kill both her and Jones. He then went into Crow's bedroom and took a revolver from her nightstand. As she attempted to take the firearm away from her son, Blankenship grabbed Crow by the wrists and twisted her arms until she relented. Blankenship then left the house with the gun.

**{¶ 4}** Less than two weeks later, Blankenship was indicted on four counts: robbery, a second-degree felony; theft of a firearm, a third-degree felony; first-degree misdemeanor assault; and first-degree misdemeanor domestic violence. Crow was identified as the victim of the robbery, theft, and domestic violence counts, while Jones was listed as the victim of the assault. According to the record, a suppression hearing was held, but not finished, on September 27, 2019. Before the hearing could be

completed, Blankenship agreed to plead guilty to the robbery, assault, and domestic violence charges; the State agreed to dismiss the theft count.

{¶ 5} A pre-sentence investigation was ordered by the court, and a sentencing hearing was scheduled for January 27, 2020. Before the case reached its disposition, however, Crow passed away. Resultantly, on January 21, 2020, Blankenship filed a motion to withdraw his guilty plea, but only as to the robbery and domestic violence charges – the counts of which Crow was the victim. The stated reason: "the passing of the complaining witness/mother and the consequential lack of evidence." Appellant's January 21, 2020 Motion to Withdraw Plea. He remained willing to plead guilty to the assault charge of which Jones was the victim.

{¶ 6} On May 29, 2020, the parties returned to court for a hearing on Blankenship's motion. Blankenship, however, waived his presence at the hearing. The State and defense counsel agreed that there was no need for evidentiary presentations. Rather, in lieu of a full hearing on the matter, the sides agreed to submit written memoranda. The State also conceded, after questioning by the court, that it would be very difficult to meet its burden at trial without Crow, the now-deceased witness/alleged victim.

{¶ 7} As agreed, the parties submitted memoranda, and on October 21, 2020, the trial court made its decision to overrule Blankenship's motion to withdraw his guilty plea. He now appeals from his conviction, challenging the denial of the motion to withdraw his guilty plea.

## II.     Motion to Withdraw Guilty Plea

{¶ 8} In his lone assignment of error, Blankenship asserts that the trial court

abused its discretion when it denied his motion to withdraw his guilty plea, arguing that because his motion was made before sentencing, it should have been "freely and liberally granted." We disagree.

{¶ 9} Crim. R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has held that a pre-sentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Nevertheless, withdrawing a pre-sentence plea is not a given because "a trial court retains discretion to overrule a presentence plea-withdrawal motion." *Id.*

{¶ 10} To constitute an abuse of discretion, a trial court's decision must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232, 466 N.E.2d 875 (1984). When applying the abuse of discretion standard, an appellate court must not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). "The mere fact that a reviewing court would have reached a different result is not enough, without more, to find error." *State v. Beechler*, 2d Dist. Clark No. 99-CA-54, 2010-Ohio-1900, ¶ 67.

{¶ 11} In evaluating whether a trial court has abused its discretion in overruling a pre-sentence motion to withdraw a plea, we have adopted the nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E. 2d 788 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.): (1) whether

the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the State is prejudiced by withdrawal of the plea.

{¶ 12}  Consideration of the factors involves a balancing test and no single factor is dispositive. *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11.

{¶ 13} At the outset, it should be noted that Blankenship concedes that several factors weigh against him. He admits that he was represented by competent counsel (factor 1), that he was given a full Crim.R. 11 hearing before entering his guilty plea (factor 2), and that he understood the charges and possible penalties (factor 7). We agree that those factors militate against allowing the withdrawal of Blankenship's plea.

{¶ 14} Blankenship, however, believes that he was not given a full hearing on the motion, and thus that factor 3 weighed in his favor. We disagree. The trial court set May 29, 2020 as the hearing date for Blankenship's motion to withdraw his guilty plea. Counsel for the State and Blankenship were present, but Blankenship himself waived appearance. The court gave both parties opportunities to submit relevant evidence, but Blankenship, through counsel, declined. Instead, because both parties agreed that this was purely a legal issue, the court ordered briefing in lieu of a hearing on the matter. Based on the

legal arguments presented by the parties, the trial court made its determination.

{¶ 15} To the extent that Blankenship argues he should have been afforded a physical hearing on his motion, he waived that opportunity on May 29, 2020. Even without him in attendance, Blankenship's counsel could have presented evidence had he wanted to. Instead, he chose to submit his arguments via a written memorandum. Blankenship cannot take advantage of an alleged error he invited the court to make. *See State v. Jones*, 2d Dist. Montgomery No. 28977, 2021-Ohio-3050, ¶ 83. In addition, the three rounds of briefing afforded to the parties was the functional equivalent in this case of a full hearing. This factor weighed against Blankenship.

{¶ 16} The trial court also gave the motion full and fair consideration, satisfying factor 4. The record reflects that the court fully considered the arguments of the parties presented in the briefs. It issued a five-page decision on the motion, making findings of fact and conclusions of law and weighing all nine factors. This factor weighed against finding that the trial court abused its discretion.

{¶ 17} The fifth factor, whether the motion was made within a reasonable time, weighed in favor of Blankenship. The record indicates that Blankenship entered his guilty plea on December 19, 2019 and then moved to withdraw the plea on January 21, 2020, six days before the scheduled final disposition. The motion was timely.

{¶ 18} The sixth factor to consider is whether the motion set out specific reasons for the withdrawal of the plea. Blankenship's motion did give at least one reason for wanting to withdraw the plea – the death of his mother, the sole witness to the robbery and domestic violence charges. His motion argued that because the complaining witness was deceased, there was, consequentially, a lack of evidence. The trial court found that

while Blankenship set forth specific reasons, they were illegitimate and amounted to nothing more than a change of heart. We agree. It appears that Blankenship was merely attempting to take advantage of the unfortunate passing of his mother and the inevitable damage that would do to the State's case against him. This factor weighed against finding an abuse of discretion.

{¶ 19} The next factor to consider is the eighth – whether the accused was perhaps not guilty or had a complete defense to the charge or charges. To support this factor, Blankenship argues that "innocent individuals plead guilty to crimes they did not commit on a daily basis for a multitude of reasons. As such, Defendant-Appellant may have not been guilty of the criminal charges against him[.]" Appellant's brief at 11. There was, however, no evidence in the record that Blankenship was not guilty or had a complete defense to the charges. He never argued that he was not guilty; rather, he asserted that he wished to withdraw the plea because, due to his mother's dying, there was a "lack of evidence." This factor militated against finding an abuse of discretion.

{¶ 20} The final factor to consider is whether the withdrawal of the guilty plea would result in prejudice to the prosecution. For obvious reasons, we conclude that it would. The charges for which Blankenship wished to withdraw his guilty plea were the crimes allegedly perpetrated against his mother – in her house – without any other witnesses. He correctly reasoned that without testimony from the only witness in the case, the State would have a difficult time obtaining a conviction. We have previously held that, due to the death of the only witness of a crime who would have testified against the defendant, "the State would be prejudiced if [the defendant's] guilty plea was withdrawn and the matter went to trial." *State v. Rozell,* 2018-Ohio-1722, 111 N.E.3d 861, ¶ 31 (2d Dist.).

We affirm that holding today. This factor weighs in favor of finding the trial court did not abuse its discretion.

{¶ 21} Having considered all the *Fish* factors, we conclude that the trial court did not abuse its discretion when it overruled Blankenship's motion to withdraw his guilty plea. The assignment of error is overruled.

### III. Conclusion

{¶ 22} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Kristin L. Arnold
Hon. Michael W. Krumholtz